*Copy*
*Caption sheet*

**FILED**

FEB - 9 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES

APPLICATION FOR WR
UNDER 28 U.S.C. § 2241 BY A P

CASE NUMBER    1:07CV00306

JUDGE: Ellen Segal Huvelle

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 02/**7**/2007

PETITIONER:

Herbert Charles Register,    Reg. No. 16230-018
(FULL NAME) - IF CONVICTED UNDER ANOTHER NAME PLEASE FURNISH THAT NAME.
(INDICATE PRISON NUMBER)

PLACE OF CONFINEMENT AND ADDRESS: Federal Medical Center, (F.M.C.),

P.O. Box 14500, Lexington, Lexington, Kentucky 40512

RESPONDENT:

Bureau of Prisons, Harrell Watts Administrator of Appeals
(Name of WARDEN, or other authorized person having custody over Petitioner.)

This form should not ordinarily be used if petitioner claims that his federal sentence is unlawful. If you wish to attack your federal sentence, you should file a motion to vacate sentence, 28 U.S.C. § 2255, unless that remedy is unavailable or otherwise legally ineffective. Note: The § 2255 remedy is not unavailable or ineffective simply because the A.E.D.P.A. precludes filing or you were unsuccessful.

### FILING FEE

The filing fee for a habeas action is $5.00 and must accompany the petition.

IF YOU ARE UNABLE TO FURNISH THE FILING FEE YOU MUST COMPLETE THE ATTACHED APPLICATION TO PROCEED IN FORMA PAUPERIS. BE CERTAIN THAT YOU SIGN IT. AN OFFICIAL OF THE INSTITUTION IN WHICH YOU ARE INCARCERATED MUST INDICATE THE AMOUNT OF MONEY AND SECURITIES ON DEPOSIT TO YOUR CREDIT IN ANY AC-COUNT IN THE INSTITUTION. THE PRISON OFFICIAL MUST ALSO CERTIFY AND SIGN THE FORM. If your prison account exceeds $150.00, you must pay the filing fee.

### FILING INSTRUCTIONS

1. This petition MUST be lagibly handwritten or typewritten and signed by Petitioner under penalty of perjury. Any flase statements of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on this form.

1

WRIT OF HABEAS CORPUS <u>FEDERAL</u> (Continued)

2.   Additional pages are not permitted EXCEPT with respect to the FACTS which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in the form of separate memorandum they <u>MUST BE on 8½" by 11" paper only</u>.

3.   <u>The filing fee for a Writ of Habeas Corpus is $5.00</u>. If you DO NOT HAVE THE FILING FEE, you MUST complete the attached Application to Proceed *In Forma Pauperis*. In addition, <u>THIS APPLICATION MUST BE CERTIFIED BY AN OFFICIAL IN THE INSTITUTION WHERE YOU ARE INCARCERATED</u>. <u>Please Note</u>: The Court will ordinarily deny a request to file *In Forma Pauperis* if your prison account exceeds $150.00.

4.   When the petition is fully completed, the <u>ORIGINAL AND  (3)  THREE COPIES</u> must be mailed to:

> U.S. DISTRICT COURT
> FOR THE DISTRICT OF COLUMBIA
> 5409 Federal Courthouse
> 3rd. and Constitution Ave., N.W.
> Washington, D.C. 20001

<u>FAILURE TO COMPLY WITH ALL OF THE INSTRUCTIONS</u>
<u>WILL RESULT IN UNNECESSARY DELAYS</u>

PETITION

I.   GENERAL INFORMATION

A.   Nature of offense: Drug Conspiracy, §846, 18 USC §922(g)
1.   Name and location of Court that imposed sentence: United States District Court, Rm. 2-194, 2110 First Street, Fort Myers, Florida 33901, Federal Judge Gagliardi
2.   Case / Docket No.: 93:305-Cr-T-17(A)   Conviction Date: Nov. 16, 1995
Length of Sentence: 222 Months

B.   Did you appeal the conviction:   YES [X]  NO [ ]
1.   First Appeal
Court and Address: United States Court of Appeals For The 11th. Cir., 56 Forsyth St., N.W., Atlanta, Georgia 30303

PAGE 3

WRIT OF HABEAS CORPUS FEDERAL (Continued)

Grounds: The Court erred in dismissing a juror & substituting a alternate after deliberations had begun without any just cause that the juror was tainted by extrinsic contact or would fail to follow the law.

Result: Denied by Quoram Panel          Date: October 21, 1999

2. Second Appeal

Court and Address: U.S. Supreme Court, One First St.,N.E., Washington, D.C. 20543

Grounds: To be granted Certiorari and review of the issues denied by the Eleventh Circuit Court of Appeals.

Result: Denied, No reason given          Date: July 5, 2000

3. Have you challenged the sentence in any other post-conviction proceeding: YES [ X ] NO [   ]

Court and Address: U.S. District Court, Sam Gibbons U.S. Courthouse, 801 N. Florida Ave., Room 223, Tampa, Florida 33602-3800 (28 USC §2255 Motion)

Result: Denied          Date: September 9, 2002

C. If you have NOT been convicted, complete the following:

1. BRIEFLY describe the TYPE of decision or action which you are challenging: N/A

2. Who made the decision: N/A          Date:

3. Was there a hearing of any kind: YES [   ] NO [   ] N/A

First Hearing

Conducted by: N/A          Location:

Result:

Date:

WRIT OF HABEAS CORPUS FEDERAL (Continued)

## II.   ADMINISTRATIVE REMEDY PROCEDURES

A.  If your claim concerns a PAROLE matter, complete the following:
Did you appeal the decision to the National Appeals Board, U.S. Parole
Commission?  YES  [  ] NO  [  ]  **N/A**

Appeal filing date: _____ **N/A** _____  Grounds raised: _____

_____

_____

Results: _____ **N/A** _____

_____

_____ Date: _____

B.  If your claim concerns something OTHER than parole, complete the following regarding
administrative remedy procedures (See 28 C.F.R. § 542.10).

1.  Did you attempt to resolve your complaint informally?  YES  [ x ]  NO  [  ]
2.  Did you file a formal complaint?  YES  [ x ]  NO  [  ]
3.  Did you appeal to the Warden?  YES  [ x ]  NO  [  ]
4.  Did you appeal to the Regional Director?  YES  [ x ]  NO  [  ]
5.  Did you appeal to the General Counsel?  YES  [ x ]  NO  [  ]
6.  If you did not use the Administrative Remedy Procedure, explain why you did not do so:

_____ **N/A** _____

_____

C.  Have you filed any previous lawsuits related to your present claim(s)?  YES  [  ]  NO  [ x ]
Name and location of Court: _____ **N/A** _____

Case Number: _____ **N/A** _____  Filing Date: _____ **N/A** _____
Nature of Suit: _____ **N/A** _____

Grounds Raised: _____ **N/A** _____

_____

_____

Result: _____ **N/A** _____  Date: _____

WRIT OF HABEAS CORPUS <u>FEDERAL</u> (Continued)

III.  GROUNDS FOR RELIEF

State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. It is not necessary to cite cases or law in this petition. However, if you wish to cite cases or law you should do so in a separate memorandum or brief. If necessary, you may attach pages stating additional grounds and facts supporting same.

1.  Ground one: <u>Continued use of erroneous information in Petitioner's Presentence Investigation Report (hereafter PSR). Which is unconstitutional and & fundamentally unfair, especially after Judge Gagliardi's orderplainly states, "do not apply." See Exhibit-C, Copy of Judge's Order, 6 pages.</u>

Supporting FACTS (tell your story briefly without citing cases or law: <u>At sentencing Judge Gagliardi held a evidentiary hearing and ordered PSR ¶45 & 51 (USSG §3C1.1, Obstruction of Justice) was not applicable. The PSR was never revised and now the BOP uses ¶45 & 51 in making recommendations in my security level and placement.</u>
<u>SEE MEMORANDUM OF LAW</u>

2.  Ground two: _____ N/A _____
_____
_____
_____

Supporting FACTS (tell your story briefly without citing cases or law: _____
_____
_____
_____

3.  Ground three: _____ N/A _____
_____
_____
_____

4.  Ground four: _____
_____
_____
_____

WRIT OF HABEAS CORPUS _FEDERAL_ (Continued)

IV.  REQUEST FOR RELIEF AND CERTIFICATION

Wherefore, petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. The foregoing 28 U.S.C. §2241 Motion To Correct Erroneoues Information In Presentence Investigation Report that is in violation of Due Process.

*Herbert Charles Register*
NAME

Feb. 7, 2007
DATE

Herbert Charles Register
Reg. #16230-018
F.M.C. Lexington
P.O. Box 14500
Lexington, Kentucky 40512

IF YOU SHOULD EXPERIENCE DIFFICULTY IN COMPLYING WITH ALL OF THESE INSTRUCTIONS, PLEASE CONTACT:

THE CASE MANAGER, COUNSELOR OR LEGAL TECHNICIAN AT THE FEDERAL INSTITUTION IN WHICH YOU ARE INCARCERATED

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

HERBERT CHARLES REGISTER,          )
                                   )
    Petitioner,                    )
                                   )
V.                                 )    CRIM. NO.████████████████
                                   )
                                   )    CIVIL NO._____
                                   )
FEDERAL BUREAU OF PRISONS,         )
& HARRELL WATTS, NATIONAL          )
INMATE APPEALS ADMINISTRATOR,      )
                                   )
    Respondents.                   )
_____/

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO CORRECT ERRONEOUS INFORMATION IN
PRESENTENCE INVESTIGATION REPORT UNDER
28 U.S.C. §2241 THAT IS IN VIOLATION
OF DUE PROCESS

Comes Now, the Petitioner, Herbert Charles Register, pro-se, in the above matter and respectfully moves this Honorable Court pursuant to 28 U.S.C. §2241 (Prison Conditions) and Rules of Criminal Procedure, Rule 36 to order the correction of Petitioner's Report (hereafter PSR) and clerical error.

### JURISDICTION

This court has jurisdiction in as much as Petitioner is encarcerated within the Federal Bureau of Prisons and states the following grounds:

(1) Petitioner has followed the Federal Bureau of Prison's guidelines established for inmate's grievance process in accordance with Code of Federal Regulations, §542.18 and F.B.O

**07 0306**

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

Program Statement 1330.13, Administrative Remedy Program;

(2)  Petitioner did file a formal complaint labeled "Informal Resolution Form" on June 1, 2006;

(3)  Petitioner did appeal to the Warden of U.S.P. McCreary on June 8, 2006 labeled "BP-9" with exhibits, Identification No. 416463-F1;

(4)  Petitioner then appealed to the Regional Director K.M. White at the Mid-Atlantic Regional Office, Remedy No. 416463-R1, on July 3, 2006;

(5)  Petitioner then appealed to the "Central Office Administrative Remedy Appeal", No. 416463-A2, on September 8, 2006.

The National Inmate Appeals Administrator Harrell Watts denied the complete administrative appeal process from the beginning to the completion of the Petitioner's remedy porocess.  (Enclosed is copies of Administator Harrell watt's response and denial.

Petitioner is claiming this court has jurisdiction on the bases of Bureau of Prisons (hereafter BOP) main office is Washington, D.C. and Administrator Harrell Watts has the authority and obligation to investigate and correct any response by lower administrative authority, which he has refuse to perform his duties and obligation and has resulted in a due process and fundamental unfairness violation on the Petitioner.  Also a contempt on the court by the BOP  and Harrell watts for refusing to follow a court order.  This court has jurisdiction.

2.

## BRIEF STATEMENT OF CASE

Petitioner proceded to trial on November 1, 1995 (Docket #399). Petitioner was found guilty by jury trial on Nov. 16, 1995 (Doc. #429. Petitioner was sentenced to 222 months imprisonment and 5 years supervised release on April 25, 1996. (Doc. #517, 518 and 520).

## STATEMENT OF FACTS

Before sentencing on April 25, 1996, Petitioner's attorney Frank Louderback was furnished with a copy of Petitioner's PSR. After reviewing Petitioner's PSR he made many objections to the PSR which included objection to a claim of obstruction of justice and the 2-level enhancement for the claim of "obstruction of justice". (See PSR, paragraph 45 & 51, **Exhibit-B**), which warranted a 2-level increase in Petitioner's sentencing. (See **Exhibit-B**, ¶ 51). Also in the Addendum ¶ 3, it also states Petitioner's objection to the 2-level enhancement. (See Addendum to PSR included in **Exhibit-B**, ¶ 3).

On April 25, 1996 a lengthy evidentiary hearing was held to determine Petitioner's sentencing level (Doc. #516-21). After Judge Gagliardi heard the objections from the Petitioner's attorney and the government, Judge Gagliardi "disallowed" the obstruction of judtice and the 2-level enhancement. (See Sentencing Transcripts pages 1,2, & 40, **Exhibit-A**). Also see Judge Gagliardi's Court order, "Judgement In A Criminal Case", **Exhibit-C**, 6 pages.

## MEMORANDUM OF LAW AND AUTHORITY
### TO CORRECT ERROR

Petitioner was sentenced in the United States District Court, Ft. Myers Division in the Middle District of Florida. Judge Gagliardi ordered a PSR on Petitioner and was presented to the court for acceptance or objections. At sentencing a evidentiary hearing was held and objections were made by Petitioner's attorney. At the completion of the evidentiary hearing Judge Gagliardi "disallowed" the obstruction of justice, U.S.S.G. §3C1.1, and ordered that it does not apply, stating:

> "The Court adopts the factual findings and guideline application in the presentence report except the Court determined that the enhancement for obstruction under USSG §3C1.1 does not apply."

See Sentencing Transcripts pages 1,2 & 40, **Exhibit-A,** and Judgement & Committal Order page 6, "Statement of Reasons", **Exhibit-C.**

After sentencing the court fail to order the probation office to "revise" Petitioner's PSR, or the probation office fail to revise Petitioner's PSR and remove the court "disallowed" information and 2-level enhancement from Petitioner's PSR which would be ¶45, ¶51 and Addendum ¶3, showing that Petitioner has a 2-level enhancement for obstruction of justice.

Petitioner has brought to the attention of the Unit Team of the incorrect information in his PSR. From the Unit Team to the Central Office of the BOP, has refuse to acknowledge the incorrect information, Judge Gagliardi's Court Order, Program Statement and the Privacy Act, 5 U.S.C. §552a(e)(5), which states:

> (e)(5)  "Agency Requirements." "Each agency that maintains a system of records shall--, (5) maintain all records which are used by the agency in making any determination about any individual with such accuracy,

4.

relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." Id.

Petitioner's Judgement Order is unambiguous when read "obstruction under USSG §3C1.1 does not apply," so why would Mr. Harrell Watt's response state:

> "Our investigation revealed that, in response to your challenge to information in your PSI, you were informed in writing by the U.S. Probation Office that the information in your PSI was adopted as fact and no changes will be made..."?

(See **Exhibit-D**, BP-11 Response From Harrell Watts).

Mr. Watts states, "our investigation", and if this is a correct statement, he fail to rely on the records and court order to make his judgement to deny Petitioner's administrative remedy. It appears the only investigation Mr. Watts performed was accepting Petitioner's case manager, warden, region's response and fail to review the controlling document, Judge's Court Order, (**Exhibit-C**), Program Statement §5800.11(c), "Inmate Challenge to Information", page 19, also Title 5 USC §552a(e)(5). Also see <u>Sellers v. Bureau of Prisons</u>, 959 F.2d. 307, 310 (D.C. Cir. 1992).

Petitioner was sentenced in accordance with the USSG Sentencing Table Level 36, PSR states Level 38. (See **Exhibit-B**, ¶51). Petitioner was sentenced to 222 months which was 12 months over the low end of Sentencing Table Level 36, Crim. HIstory II, which states 210-262 months. The lowest possible sentencing level according to Crim. HIstory II and 38 would be 262-327 months. Petitioner was sentenced to 222 months. (See **Exhibit-C**, page-3). There is no way Petitioner could have been sentenced under level 38 as the PSR states. The 2-levels for obstruction of justice is still included

in Petitioner's PSR, even though Judge Gagliardi disallowed the
obstruction of justice. (See **Exhibit-A**, page-40). See United
States v. Portillo, 363 F.3d. 1161 (11th.Cir. 2004), "...error that
conflicts with the written order of judgement, the oral pronounce-
ment controls." Id. at 1164. Also United States v. Cofield, 322
F.3d. 405, 497 (6th.Cir. 2000).

Due Process

    When Judge Gagliardi sentenced Petitioner to 222 months, 5
years of supervised release, and ruled the U.S.S.G. §3C1.1 was not
applicable, "do not apply", (**Exhibit-C**) he established a "Liberty
Interest" to Petitioner to be protected by the Due Process Clause
of the Fifth Amendment. The Court's Order is plain and unambiguous
and when violated and not followed by the wording of the order is
in violation of Petitioner's Due Process rights. See Walters v.
Grossheim, 990 F.2d. 381, 384 (8th.Cir. 1993). Also Donaldson v.
Purkett, 204 F.Supp. 2d. 1199 (E.D. Mo. 2001). "With a final and
non-appealable court order, a substantice right is created, that is,
a certain right or entitlement with a corresponding non-discretion-
ary duty." Id. at 1203. "Admittedly, prisoners do not shed all
constitutional rights at the prison gate." Wolf v. McDonnell, 418
U.S. 539, 555, 41 L.Ed.2d. 935 (1974).

    The BOP and National Inmate Appeals Administrator Harrell
Watts (hereafter Administrator Watts), not only fail to follow a
lawful court order, but also fail to follow regulations and Program
Statement (hereafter P.S.) §5800.11 which states:

        (15. (c)). "Inmate Challenge to Information."
        "An inmate may challenge the accuracy of the information
        in his or her inmate Central File. Unit Team staff
        shall take reasonable steps to ensure the accuracy of

challenged information, particularly when that infor-
mation is capable of being verified.  The inmate is
required to provide staff with sufficient information in
support of a challenge...".  Id.

"When an inmate provides such information, staff shall
review the alleged error(s) and take reasonable steps to
ensure the information is correct."  Id.

Petitioner brought to the attention of his Unit Team, and the

Case Manager's (Ms. Rice, USP McCreary) response was;

"Additionally, in your Addendum to your Presentence
Report you objected to these statement and the Probation
Officer's position was that the information was accurate.
Therefore, it can and will be used on your Transfer
Request."

Through Petitioner's entire administrative remedy process from

the Unit Team all the way to Administrator Watts in Washington,

D.C., not one time has the process addressed Judge Gagliardi's

lawful Court Order.  Almost like it didn't exist.  P.S. States;

"Unit Team staff shall take reasonable steps to ensure the accuracy

of challenged information...", §5800.11, supra, the first reasonable

effort should have been to review the entire court order, apparently

this never once occured to any BOP Official from the lowest to the

highest level, and most especially Administrator Watts.  Again as

the Court Order, even the Regulations/P.S. was not followed by BOP

officials and Administrator Watts.  See Harlow v. Fitzgerald, 457

U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d. 396 (1982), "...their conduct

must violate  clearly established statutory or constitutional

rights of which a reasonable person would have known."  The test

"focuses on the objective legal reasonableness of an official's

acts."  Id. at 819, 102 S.Ct. at 2739.

The BOP again fail to take reasonable steps when they were

aware or should have been aware of Title 5 U.S.C. §552a(e)(5).

"Agency Requirements."

> "Maintain all records which are used by the agency in
> making any determination about any individual with
> such accuracy, relevance, timeliness, and completeness
> as is reasonably necessary to assure fairness to the
> individual in the determination."  Id.

See Sellers, 959 F.2d. at 312.  Also see Doe v. U.S., 821 F.2d.
694, 697 (D.C.Cir. 1987), same.

Petitioner has presented Facts, Exhibits, Program Statements/
Regulations, Law and Court Opinions in support of a blatant due
process violation.  At no time has the BOP and Administrator Watts
addressed Petitioner's claim of a valid court order in support of
his challenge of incorrect information in hjs PSR.  "[a] reasona-
bly competent official should know that it is not lawful to disobey
a final and nonappealable court order", Stone v. Herman, 983 F.2d.
107 (8th.Cir. 1993), id. at 111.  "Any reasonably competent official
must know that unless a judgment has been stayed, it must be obeyed."
Waters v. Grossheim, 990 F.2d. 381 (8th.Cir. 1993), id. at 384.

Analysis of procedural due process questions involves a two-
part inquiry:  (1) whether the state has interfered with an inmate's
protected liberty or property interest; (2) whether procedural
safeguards are constitutionally sufficient to protect against
unjustified deprivations.  See Kentucky Dept. of Corrections v.
Thompson, 490 U.S. 454, 460 (1989); Cruz v. Gomez, 202 F.3d. 593,
597 (2nd.Cir. 2000), at state claim of denial of due process,
prisoner must allege both possession of protected liberty interest
and lack of requisite process before being deprived of that interest;
also Austin v. Wilkinson, 372 F.3d. 346, 355 (6th.Cir. 2004).  As
Petitioner has stated, liberty interest did attach when Judge
Gagliardi ruled that USSG §3C1.1 does not apply, and the BOP does

8.

not have any authority to ignore that order and reverse Judge
Gagliardi's ruling. The BOP has refused Petitioner requisite
process by not making reasonable efforts, such as reviewing the
court order during the process as requested by Petitioner.
Under Title 5 U.S.C. §552a(g)(1)(C) states:

> "If an agency willfully or intentionally fails to
> maintain records in such a manner and, as a result,
> makes a determination adverse to an individual, it
> will be liable to that person for money damages."

Id.

This incorrect information in Petitioner's PSR is detrimental
to Petitioner. Petitioner's security level is five (5), which
classifies Petitioner as minimum custody. The BOP uses the incor-
rect information to recommend Petitioner to a higher level of
security prison. In the event this erroneous information remains
in Petitioner's PSR it will inflict continuous harm to Petitioner.
(1) Petitioner has enrolled in the 500 Hour Drug Program (RDAP),
and the erroneous information is now being used to further deny
Petitioner of a reduction of up to one year off insenitive for his
participation; (2) this erroneous information will also be used in
Petitioner being placed or denied "halfway" house, and could even
reduce the opportunity if the BOP at their deiscretion decides to
deny Petitioner; (3) this erroneous information could also inflict
serious restrictions on Petitioner during the five year supervise
release; (4) this information could be used at any time to the
discretion of any government official to deny Petitioner of any
opportunities that may arise, or detrimental treatment.

Petitioner at the end of his sentence will be continuously
served 16 years and 4 months, will be 66 years of age. Petitioner

9.

is without any funds to support him until he can provide for him-
self, the government seized his home and he has no home to go to.
This erroneously information which was ruled out and disallowed
(See **Exhibit-C**) by Judge Gagliardi should not be used to further
detriment to Petitioner.

Federal Rules of Criminal Procedure, Rule 36 provides that:

"after giving any notice it considers appropriate the
court may at any time correct a clerical error in a
judgement, order, or other part of record, or correct
an error in the record arising from oversight or
omission."

See United States v. Portillo, 363 F.3d. 1161, 1164 (11th.Cir. 2000).
This error is a controversial error that conflicts with the written
order of judgement, the oral pronouncement controls. Also United
States v. Ridgeway, 319 F.3d. 1313,1315 (11th.Cir. 2003), same.

## CONCLUSION

"The allegations in a pro-se complaint must be taken as true
and construed in favor of the Plaintiff," Malone v. Colyer, 710
F.2d. 258,260 (6th.Cir. 1983). The error/incorrect information in
Petitioner's PSR is still being used to the detriment of Petitioner,
and according to Petitioner's Unit Team and BOP Officials will
continue to be used in administrative decisions, security, placement/
tranfers, and available programs. Petitioner prays this court will
grant this motion and order the disallowed information in Petitioner's
PSR removed.

Respectfully submitted,

*Herbert Charles Register*
Herbert Charles Register
Reg. #16230-018
Federal Medical Center
P.O. Box 14500
Lexington, Kentucky 40512

10.

## CERTIFICATE OF SERVICE

I hereby certify the above foregoing motion "To Correct Erroneous Information In Presentence Investigation Report Under 28 U.S.C. §2241 That Is In Violation Of Due Process" to be true and correct to the best of my knowledge and any Exhibits are true and correct copies of the originals and mailed via U.S. Postal Service, postage prepaid, to the following parties:

> United States District Court
> For The District of Columbia
> United States Courthouse
> 3rd. and Constitution Ave., N.W.
> Washington, D.C. 20001
>
> Direct Harley Lappin
> Federal Bureau of Prisons
> 320 First St., N.W.
> Washington, D.C. 20534
>
> General Counsel
> Administrator Harrell Watts
> Federal Bureau of Prisons
> 320 First St., N.W.
> Washington, D.C. 20534

on this _____ day of _____, 2007.

Herbert Charles Register
Reg. 16230-018
F.M.C. Lexington
P.O. Box 14500
Lexington, Kentucky 40512

## INDEX FOR EXHIBITS

EXHIBIT-A, Sentencing Transcript. ...................... 4-Pages

EXHIBIT-B, Presentence Report (PSR) ................... 7 Pages

EXHIBIT-C, Judgement & Committal Order ............... 6 Pages

EXHIBIT-D, BP-11, Administrative Remedy And Response ... 2Pages

*E, EXHIBIT-A*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )    93-305-CR-T-17
                                 )
vs.                              )    **COPY**
                                 )
HERBERT CHARLES REGISTER,        )    Fort Myers, Florida
                                 )    April 25, 1996
        Defendant.               )    3:27 p.m.
                                 )
_____    )


TRANSCRIPT OF SENTENCING PROCEEDINGS
BEFORE THE HONORABLE LEE P. GAGLIARDI
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        JEFFREY DOWNING, ESQUIRE
                           Assistant United States Attorney
                           500 Zack Street, Suite 400
                           Tampa, Florida  33602

For the Defendant:         FRANK LOUDERBACK, ESQUIRE    *07 0306*
                           Louderback and Helinger
                           150 Second Avenue North, Suite 1210
                           St. Petersburg, Florida  33701

Reported by:               SABRINA C. BEAUVAIS         **FILED**
                           Official Court Reporter

                                                       FEB - 9 2007

                           *Exhibit*  NANCY MAYER WHITTINGTON, CLERK
                                      U.S. DISTRICT COURT



# SOUTHWEST FLORIDA REPORTING SERVICES, INC.

### FULL SERVICE COURT REPORTING
### SERVING COLLIER AND LEE COUNTIES
Post Office Box 9161, Naples, Florida 34101
(941) 774-2224 office  (941) 455-1063 fax    EXHIBIT-A

EXHIBIT-A

2

1            P R O C E E D I N G S

2                    * * * * *

3            THE CLERK:  Case 93-305-Criminal-Tampa-17,

4    United States of America versus Herbert Charles Register.

5            THE COURT:  Herbert C. Register, on November

6    16th, 1995, you were found guilty by a jury trial of Count

7    Two of the Indictment charging you with conspiracy to

8    possess with intent to distribute methamphetamine in

9    violation of Title 21, United States Code, Section 846;

10   Counts Five, Six and Fourteen of the Indictment charging

11   you with possession with intent to distribute

12   methamphetamine in violation of Title 21, United States

13   Code, Section 841(a)1; Counts Fifteen and Nineteen of the

14   Indictment charging you with distribution of cocaine and

15   methamphetamine in violation of Title 21, United States

16   Code, Section 841(A)(1); and Counts Sixteen and Seventeen

17   of the Indictment charging you with being a felon in

18   possession of a firearm in violation of Title 18, United

19   States Code, Section 922(g) and 924(a)(2).

20            Have you and Mr. Louderback discussed and read

21   -- read and discussed with each other the Presentence

22   Report?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Mr. Louderback, have you read it

25   and discussed it with your client?

EXHIBIT-A

SOUTHWEST FLORIDA REPORTING SERVICES, INC.

1    address --

2              THE COURT:  Why say anything further?

3              MR. MARKOWITZ:  I'm just going to talk about

4    Mark Connelly.

5              THE COURT:  Why say anything further?

6              MR. MARKOWITZ:  Does that handle the Mark

7    Connelly issue?  If it does, Your Honor, then I'll sit

8    back down and not say a word.

9              THE COURT:  Mr. Downing, I think it would.

10             MR. DOWNING:  Judge, I don't know.  I mean, it

11   was a separate incident.  It's a -- we had testimony

12   about it, we haven't heard any testimony to the contrary

13   or any evidence to the contrary.  And all the evidence the

14   Court has before it is that Mr. Connelly testified that it

15   happened.  That's the only evidence the Court has.

16             THE COURT:  I will disallow the obstruction of

17   justice as to both.

18             All right.  Does that resolve everything that

19   we have outstanding?

20             MR. LOUDERBACK:  Pardon me?

21             THE COURT:  Does that resolve everything

22   outstanding with respect --

23             MR. LOUDERBACK:  No, sir.  We still have the

24   issue of the gun enhancement.

25             THE COURT:  Well, there is no testimony with

59

1   individuals who ultimately distributed it, the center of

2   the hub was Mr. Bilbrey.

3           THE COURT:  I am satisfied that this is

4   properly assessed.

5           MR. DOWNING:  I don't believe I need to go any

6   further then, Judge.  Thank you.

7           THE COURT:  Let's take a 15 minute recess and

8   then we'll proceed with the sentencing.

9           THE MARSHAL:  All rise.

10          (Whereupon, a recess was taken at

11  2:53 p.m. and the pronouncement of sentencing

12  proceedings are contained in a separate volume.)

13                  * * * * *

14              C E R T I F I C A T E

15          I, Sabrina C. Beauvais, Official Court Reporter,

16  do hereby certify that the foregoing transcript is an

17  accurate record of the proceedings that took place on

18  April 25, 1996.

19

20  February 12, 1998

            Sabrina C. Beauvais

21

22

23

24

25

                                    EXHIBIT-A

SOUTHWEST FLORIDA REPORTING SERVICES, INC.

# EXHIBIT-B

UNITED STATES OF AMERICA

v.

HERBERT C. REGISTER

*Docket No. 93-305- Cr-T-17(A)*

Prepared For:

The Honorable Lee P. Gagliardi
United States District Judge

Prepared By:

Michael Washington
United States Probation Officer
Tampa, FL - (813) 228-2901, Ext. 140

Assistant United States Attorney:

Defense Counsel:

Jeffrey Downing
Room 410, 500 Zack Street
Tampa, FL 33602  (813) 274-6000

Franklyn Louderback (Appointed)
150 2nd Avenue North
1210 Southtrust Bank Bldg.
St. Petersburg, FL  33701  (813) 896-2147

Sentencing Date:

February 2, 1996

Offense of Conviction:

Count 2: Conspiracy to Possess With
Intent to Distribute Methamphetamine
(21 U.S.C. § 846) - 10 years to Life/
$4,000,000 fine.

Counts 5, 6, 14: Possession With
Intent to Distribute Methamphetamine
(21 U.S.C. § 841(a)(1)) - 5 to 40
years/$2,000,000 fine.

Counts 15 and 19: Distribution of
Cocaine and Methamphetamine
(21 U.S.C. § 841(a)(1) - 5 to 40
years/$2,000,000 fine.

07 0306

Counts 16 and 17: Felon in Possession
of a Firearm (18 U.S.C. § 922(g) and
924(a)(2)) - 0 to 10 years/250,000 fine.

Mandatory Minimum Applies:

Yes; 10 years

# FILED

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

February 2, 1996

# EXHIBIT-B

# EXHIBIT-B

RE: REGISTER, Herbert C.

PART A. THE OFFENSE (continued)

### Custody Status

43. On September 9, 1992, Herbert Charles Register was arrested by DEA agents and taken into federal custody. Mr. Register appeared before United States Magistrate Judge Elizabeth A. Jenkins for an initial appearance hearing on the same day, and was detained.

### Victim Impact

44. There is no specifically identifiable victim.

### Adjustment for Obstruction

45. On or about October 25, 1995, the defendant and codefendant Jubal Register were incarcerated at the Hillsborough County Jail with witness Donald Bean. Sheriff officials inadvertently opened Bean's cell when the Registers were returning to their cell from recreation. The defendant and Jubal Register entered Bean's cell and began punching and kicking Bean. The defendant threatened to kill Bean if he testified at his trial.

### Adjustment for Acceptance of Responsibility

46. During an interview with the probation officer, the defendant maintained his innocence.

### Offense Level Computation

47. Base Offense Level: Counts 2, 5, 6, 14, 15, and 19 of the Indictment are grouped pursuant to USSG § 3D1.2(d). Also, Counts 16 and 17 are grouped pursuant to USSG § 3D1.2(d). The narcotics and firearm violations are then aggregated into a single group pursuant to USSG § 3D1.2(c). The guidelines for a 21 U.S.C. §§ 841(a)(1), 846 offenses are found at USSG § 2D1.1(c) Drug Quantity Table. The guidelines instruct when offenses involve multiple drugs, the quantities of drugs are added and converted to its marijuana equivalent by using the Drug Equivalency Tables at USSG § 2D1.1. As indicated in the offense conduct section of this report, the defendant is being held accountable for 9 pounds, and nine ounces of methamphetamine (4.335 kilograms) which converts to 4,335 kilograms of marijuana. Mr. Register is also being held responsible for one kilogram of cocaine which converts to 200 kilograms of marijuana for a total of 4,535 kilograms of marijuana. This section provides that offenses involving at least 3,000 kilograms, but less than 10,000 kilograms of marijuana has a base offense level of 34. Therefore, the base offense level is 34.                                                34

February 2, 1996                        8

# EXHIBIT-B

RE: REGISTER, Herbert C.

## PART A.  THE OFFENSE (continued)

48.  Specific Offense Characteristics:  Pursuant to USSG § 2D1.1(b)(1) if a dangerous weapon (including a firearm) was possessed, increased by 2 levels.  When Mr. Register was arrested at his home on September 9, 1992, a loaded .32 caliber Smith and Wesson revolver was located on the top of a dresser next to the bed in the master bedroom, and a 12 gauge Winchester shotgun was located inside the bedroom closet.  Mr. Register is also a convicted felon.  Additionally, the defendant Jubal Register, a co-defendant, was in possession of a loaded glock handgun during and in relation to the drug conspiracy.  Further, the handgun was clearly possessed in the furtherance of this conspiracy.  Herbert C. Register was a member of this conspiracy.  Therefore, a two level increase is appropriate.

2

49.  Victim Related Adjustment:  None.

0

50.  Adjustment for Role in the Offense:  None.

0

51.  Adjustment for Obstruction of Justice:  USSG § 3C1.1 directs that if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.  Based on the information contained in paragraph 45 of this report, a two level increase appears to be warranted.

2

52.  Adjusted Offense Level          (Subtotal)

38

53.  Adjustment for Acceptance of Responsibility:  The defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his offense.  USSG § 3E1.1.

0

54.  Total Offense Level

38

55.  Chapter Four Enhancements:  None.

February 2, 1996                              9

EXHIBIT-B

# EXHIBIT–B

RE: REGISTER, Herbert C.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

*(NOTE: Inclusion of a factor in this section does not constitute a recommendation for departure.)*

99. The applicable guidelines, Part K of Chapter 5 and USSG § 4A1.3, have been reviewed and there is no basis for departure.

100. However, the defense believes that the "Adequacy of Criminal History Category (Policy Statement)" provides that if reliable information indicates that the defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit other crimes, the Court may consider imposing a sentence departing from the otherwise applicable guideline range. USSG §4A1.3.

Respectfully submitted,

*Michael Woolf*

Michael Washington
United States Probation Officer

MW/mw/jvt

**Supervisor's Review:**

This Presentence Report has been reviewed for accuracy and completeness.

*Richard M. Williams*

Richard M. Williams, Supervising
United States Probation Officer

CONFIDENTIAL
PROPERTY OF U.S. COURTS
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS.  TO BE
RETURNED AFTER SUCH USE, OR UPON REQUEST.
DISCLOSURE AUTHORIZED ONLY TO
COMPLY WITH 18 USC 4208 (b) (2)

February 2, 1996                16

# EXHIBIT–B

**EXHIBIT-B**

Herbert C. Register

DOCKET NO. 93-305-Cr-T-17(A)

## ADDENDUM TO THE PRESENTENCE REPORT

The probation officer certifies that the presentence report, including any revision thereof, has been disclosed to the defendant, his attorney, and counsel for the government, and that the content of the addendum has been communicated to counsel. The addendum fairly states any objections made by counsel.

### OBJECTIONS

### By the Government

1.   **Paragraph 25 and 26 (Offense Conduct).**   The government objects to the Presentence Report and wants it to be known to the Court that the pound quantities of methamphetamine referred to in the above paragraphs refer to more than one pound of methamphetamine in each instance.

It is the Probation Office's position that the information in the Offense Conduct section of the Presentence Report is accurate as written. The information was provided by the Assistant United States Attorney assigned to this case and the investigating agent. In calculating the defendant's base offense level, the Probation Office used the most conservative estimates of drug quantities. No resolution of this objection is required, as the guideline range is not affected.

### By the Defendant

1.   **Paragraph 10 (Guidelines Manual) and Paragraph 47 (Offense Level Computation).**   The defendant objects to the use of the November 1, 1995, guidelines and believes that the guidelines effective November 1, 1988, should be used.   The defendant contends that Amendment 518, effective November 1995 changed the guidelines as they related to various forms of methamphetamine and, for the first time, treated all forms of methamphetamine the same.   The defense believes that this would result in an ex-post-facto application.   Further, they believe that the type of methamphetamine involved in this case was never established during the trial.

It is the Probation Office's position that the use of the November 1, 1995, guidelines has no effect on the guideline computation, and there are no ex-post-facto issues. The type of methamphetamine (mixture) that Mr. Register is held accountable for would yield the same base offense level in the 1988 as the 1995 guidelines manual. The defense would like Mr. Register's base offense level calculated by using the conversion for L-methamphetamine. The case agent in this investigation has been involved for several years investigating the Polk County methamphetamine cases, and it is widely known that L-methamphetamine is not manufactured for illicit drug distribution. Additionally, the government is prepared to present evidence, including lab reports, which indicate that the methamphetamine distributed as part of the instant conspiracy was indeed D-methamphetamine.

**EXHIBIT-B**

EXHIBIT-B

RE: REGISTER, Herbert C.
Addendum (continued)
Page Two

**2. Paragraphs 19, 20, 22, 23, 25, 26, 27, 36, 38, and 41 (Offense Conduct).** The defendant objects to the information contained in the Offense Conduct section of the Presentence Report.

The Probation Office maintains that the information in the Offense Conduct section is correct as written. The investigative information was obtained through extensive conversations with the Assistant United States Attorney assigned to this case and the case agent. The government further indicated that they can provide testimony to corroborate this information.

**3. Paragraphs 45 and 51 (3C1.1).** The defendant objects to a two-level enhancement pursuant to USSG § 3C1.1 for obstruction.

It is the Probation Office's position that the information contained in Paragraph 45 is accurate as supplied by the government and the enhancement is appropriate. The government is prepared to provide testimony in support of the obstruction enhancement.

**4. Paragraph 48 (2D1.1(b)(1)).** The defendant objects to the enhancement for possession of a dangerous weapon during a drug trafficking crime.

The Probation Office maintains that the information in Paragraph 48 is accurate as written in the Presentence Report. The defendant and codefendant Jubal Register were in possession of weapons during this drug conspiracy. The weapon possessed by the defendant and his son was clearly connected to their drug trafficking and in the furtherance of the conspiracy in which they were members.

**5. Paragraph 52, 54, and 81.** The defendant objects to the adjusted and total offense level. The defense believes that the total offense level should be 26 with a criminal history category of I which yields an imprisonment range of 63 to 78 months.

It is the Probation Office's position that the guideline calculations contained in the Presentence Report are accurate.

**6. Paragraphs 79 and 80.** The defense wants it to be known to the Court that arguably no mandatory minimums apply based on applicable statutes as they related to the dates of commission of the various offenses. They believe that if a mandatory minimum did apply, it would be five years.

The Probation Office maintains that based on the facts of this case, the information in Paragraphs 79 and 80 is accurate regarding the mandatory minimum term of imprisonment.

EXHIBIT-B

EXHIBIT-B

RE: REGISTER, Herbert C.
Addendum (continued)
Page Three


   7. **Paragraph 99 (5K2.0).** The defendant asserts that under USSG § 5K2.0 the Court may grant a downward departure based upon the fact that the defendant will have been continuously incarcerated in county jails for 41 months by the time of sentencing.

   It is the Probation Office's position that a departure in this case under USSG § 5K2.0, mitigating circumstances, is not warranted. Mr. Register will be given credit for all county jail time served in connection with this case by the Bureau of Prisons.

                              CERTIFIED BY:

                              *Michael Washington*

                              Michael Washington
                              United States Probation Officer


MW/jvt

Reviewed and Approved:

*Richard M. Williams*

Richard M. Williams, Supervising
United States Probation Officer



                                        EXHIBIT-B

**EXHIBIT-C**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA
96 APR 29 PM 1:11

UNITED STATES OF AMERICA

v.

HERBERT CHARLES REGISTER

16230-018

CASE NO. 93-305-CR-T-17

Franklyn Louderback, Esq.
150 2nd Avenue North
1210 Southtrust Bank Building
St. Petersburg, FL 33701

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury verdict on Counts 2, 5, 6, 14, 15, 16, 17 and 19 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| | | |
|---|---|---|
| 21:USC:846 | Conspiracy to possess with intent to distribute methamphetamine | Count 2 (offense concluded 11/93) |
| 21:USC:841(a)(1) | Possession with intent to distribute methamphetamine | Counts 5, 6, 14 (offense concluded 10/91) |
| 21:USC:841(a)(1) | Distribution of cocaine and methamphetamine | Counts 15, 19 (offense concluded 10/31/91) |
| 18:USC:922(g) and 924(a)(2) | Felon in possession of a firearm | Counts 16, 17 (offense concluded 9/9/92) |

The defendant is sentenced as provided in pages two through six of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay a special assessment of $400.00 which shall be due immediately.

The defendant has been found not guilty on Count 18 and is discharged as to such count(s).

All counts of the underlying indictment are dismissed upon motion of the Government.

**07 0306**

I certify the foregoing to be a true
and correct copy of the original.
RICHARD J. _____ Clerk
United States _____ Court
Middle _____ of Florida
By: *Sherry Lavell*
    Deputy Clerk

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-C**

EXHIBIT-C

Page 2 of 6

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's SSN: 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

Date of Imposition of Sentence:  4/25/96

Defendant's DOB: 8/17/42

Defendant's Mailing Address:

LEE P. GAGLIARDI
Senior United States District Judge

619 Acacia Walk
Lake Wales, Florida

April 29, 1996

}4

EXHIBIT-C

HERBERT CHARLES REGISTER
93-305-CR-T-17

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO HUNDRED TWENTY-TWO (222) MONTHS AS TO COUNTS 2, 5, 6, 14, 15 AND 19 AND ONE HUNDRED TWENTY (120) MONTHS AS TO COUNTS 16 AND 17, SUCH TERMS TO BE SERVED CONCURRENTLY.

The defendant is remanded to the custody of the United States Marshal.

The Court hereby recommends incarceration at a federal facility within the State of Florida.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
        Deputy Marshal

EXHIBIT-C

HERBERT CHARLES REGISTER
93-305-CR-T-17

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

____   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

____   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

____   Defendant shall participate in the Home Detention program for a period of _____ days/months. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability t availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

____   Defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

____   Defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

EXHIBIT-C

HERBERT CHARLES REGISTER
93-305-CR-T-17

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7)    the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EXHIBIT-C

EXHIBIT-C

## STATEMENT OF REASONS

[ ]  The Court adopts the factual findings and guideline application in the presentence report.

OR

[XX]  The Court adopts the factual findings and guideline application in the presentence report, except the Court determined that the enhancement for obstruction under USSG 3C1.1 does not apply.

**Guideline Range Determined by the Court:**

Total Offense Level:  36

Criminal History Category:  II

Imprisonment Range:  210 to 262 months

Supervised Release Range:      5 years (Count 2)
4 to 5 years (Counts 5, 6, 14, 15, 19)
2 to 3 years (Counts 16, 17)

Fine Range: $20,000 to 14 million

[XX]  Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ NA

[ ]  Full restitution is not ordered for the following reason(s):

[ ]  The sentence is within the guideline range, that range does not exceed 24 months, and the Court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[XX]  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): A sentence at the bottom of the range adequately addresses the defendant's criminal conduct.

OR

The sentence departs from the guideline range

[ ]  upon motion of the government, as a result of defendant's substantial assistance.

[ ]  for the following reason(s):

EXHIBIT-C

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Administrative Remedy No. 416463-R1

EXHIBIT-D

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), i ments must be submitted with this appeal.

| From: | Register, Herbert C. | 16230-018 | 4-B | USP McCreary |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I am appealing the Regional's response to my Administrative Remedy. From the case manager all the way to the Regional Director, have claimed denial of my Remedy on the bases of Program Statement 5800.11 that the BOP doesn't have the authority to change a court document. As stated previously and showed my Unit Team that the incorrect information that I objected to is not the Court's ordered sentence/information. In fact is just the opposite. The Court's Order states on page 6 of 6: "[XX] The Court adopts the factual findings and guideline application in the presentence report except the Court determined that the enhancement for obstruction under USSG 3C1.1 does not apply." (Copy of Court Order enclosed). Also the PSR states I was sentenced under Level-38 Crim. H. II which is incorrect. Level-38 Crim. H. II states in the Sentencing Table 262-327 months, I was sentenced to 222 months under Level-36 Crim. H. II. The Court's "oral pronouncement controls". See United States v. Ridgeway, 319 F.3d. 1313, 1315 (11th.Cir. 2003). Copies of all previous filings in relation to this Remedy is enclosed.

September 8, 2006
_____
DATE

_Herbert Charles Register_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

R E C E I V E D
SEP 18 2006
Administrative Remedy Section

R E C E I V E D
OCT 1 -
Administrative Remedy Section

07 0306

**FILED**

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _416463-A2_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFIC

EXHIBIT-D

USP LVN

PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

**EXHIBIT-D**

**Administrative Remedy No. 416463-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you contend your Presentence Investigation Report
(PSI) contains inaccurate information that contradicts what the
Court ordered at sentencing.  You state the Court's oral
pronouncement controls and request to have your PSI corrected.

Our review indicates the Warden and Regional Director adequately
responded to the issue raised in your appeal.  Program Statement
(P.S.) 5800.11, <u>Inmate Central File, Privacy Folder, and Parole
Mini-Files</u>, states an inmate may challenge the accuracy of
information in his central file and is required to provide staff
with sufficient information in support of a challenge (i.e.,
names of persons to contact, government agency, etc.).  P.S.
5800.11 also states that if an inmate challenges information in
the PSI, staff should inform the appropriate U.S. Probation
Office (USPO) in writing of the disputed information, and request
that a written response also be provided.

Our investigation revealed that, in response to your challenge to
information in your PSI, you were informed in writing by the U.S.
Probation Office that the information in your PSI was adopted as
fact and no changes will be made.  The Bureau of Prisons does not
have the authority to make changes to the PSI.  Therefore, we
concur with the responses provided and find them appropriate.

Your appeal is denied.


_December 15, 2006_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals


**EXHIBIT-D**

EXHIBIT-I

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), i nts must be submitted with this appeal.

From: **Register,  Herbert C.**    **16230-018**    **4-B**    **USP McCreary**
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**  I am appealing the Regional's response to my Administrative medy.  From the case manager all the way to the Regional Director, have claimed nial of my Remedy on the bases of Program Statement 5800.11 that the BOP esn't have the authority to change a court document.  As stated previously d showed my Unit Team that the incorrect information that I objected to is t the Court's ordered sentence/information.  In fact is just the opposite. e Court's Order states on page 6 of 6: "[XX] The Court adopts the factual ndings and guideline application in the presentence report except the Court termined that the enhancement for obstruction under USSG 3C1.1 does not apply." ~~opy of Court Order enclosed~~).  Also the PSR states I was sentenced under vel-38 Crim. H. II which is incorrect.  Level-38 Crim. H. II states in the ntencing Table 262-327 months, I was sentenced to 222 months under Level-36 im. H. II.  The Court's "oral pronouncement controls".  See United States v. dgeway, 319 F.3d. 1313, 1315 (11th.Cir. 2003).  Copies of all previous filings relation to this Remedy is enclosed.

September 8, 2006                    *Herbert Charles Register*
DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 18 ....
Administrative Remedy Section

RECEIVED
Administrative Remedy Section

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _416463-A2_

**Part C - RECEIPT**

CASE NUMBER:

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

EXHIBIT-I

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFIC

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

HERBERT CHARLES

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88886
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PLTF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 16230-018

**DEFENDANTS**

BP, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRA

ATT

```
CASE NUMBER   1:07CV00306

JUDGE: Ellen Segal Huvelle

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 02/07/2007
```

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
  Plaintiff

☐ 3 Federal Question
  (U.S. Government Not a Party)

☒ 2 U.S. Government
  Defendant

☐ 4 Diversity
  (Indicate Citizenship of Parties
  in item III)

**III CITIZENSH**
FOR PLAINTIFF AN

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| ⊙ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ⊙ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 H.C.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS  □  ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES  ⊙ NO

**VIII. RELATED CASE(S) IF ANY** N.F.   (See instruction)   □ YES  ⊙ NO   If yes, please complete related case form.

**DATE** 2-9-07   **SIGNATURE OF ATTORNEY OF RECORD** NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

