UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HERBERT CHARLES REGISTER,** | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-0306 (ESH) |
| **BUREAU OF PRISONS,** *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner brought this action seeking a writ of *habeas corpus* under 28 U.S.C. § 2241. The Court construed petitioner's claim as one challenging his conviction from the United States District Court for the Middle District of Florida. The claim was dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 2255.

Petitioner has now filed a motion for reconsideration. He contends that he is not challenging his conviction or sentence, but rather seeking a correction of his presentence report. He claims that the presentence report contains an upward adjustment in his sentence for obstruction of justice, which does not conform to the sentencing judge's judgment and commitment order. He further alleges that this incorrect information is currently being used by the Bureau of Prisons to recommend him to a higher-security prison and to deny him a reduction in sentence based on his participation in a drug program, and that it may in the future be used to deny him the opportunity to be placed in a halfway house or to impose restrictions on him during his supervised release. Because petitioner is not challenging the validity of his sentence, the Court agrees that he need not proceed under 28 U.S.C. § 2255.

The Court must nevertheless dismiss petitioner's habeas petition without prejudice for lack of jurisdiction.  In habeas cases involving present physical confinement, jurisdiction lies only in the district of confinement, where both the petitioner and the only proper respondent to petitioner's habeas petition – namely, the warden of the facility in which the petitioner is incarcerated – reside.  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1237-39 (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).  Petitioner is incarcerated at the Federal Medical Center in Louisville, Kentucky, and the warden of that facility is the proper respondent in this case.  Because the warden is not within this Court's territorial jurisdiction, the Court may not entertain petitioner's habeas petition.  *Id.* at 1239 ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also United States v. Leath*, 711 F.2d 119, 120-21 & n.2 (8th Cir. 1983) (habeas petition seeking removal of allegedly erroneous information from petitioner's presentence report must be brought in the district in which he is confined); *United States v. Daniels*, 737 F. Supp. 111, 114 (D. Me. 1990) (same).[1]  Accordingly, it is

**ORDERED** that the motion for reconsideration [Dkt. #4] is **DENIED**.

                                                    /s/
                                   ELLEN SEGAL HUVELLE
                                   United States District Judge

DATE: April 5, 2007

---

[1] To the extent that petitioner's habeas petition may be construed as raising some non-habeas claims concerning the inclusion of incorrect information in his presentence report, petitioner may pursue such claims, as well as his habeas claims, in the Eastern District of Kentucky, where he is incarcerated.  *Cf. Dominguez v. Bureau of Prisons*, No. 05-2242, 2006 WL 1445041, at *3-4 (D.D.C. May 25, 2006) (transferring case challenging the validity of the Inmate Financial Responsibility Program implemented by the Bureau of Prisons to the district in which plaintiff was incarcerated).